KENNEDY, SCHWARTZ & CURE, P.C.
Attorneys for Defendant
113 University Place - 7th Floor
New York, New York 10003

05 CV 5284

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEVE PERSAUD,

                Plaintiff,

    -against-

LOCAL 340A UNITED,

               Defendant.
-----------------------------------------------------------x

05 Civ.

**NOTICE OF REMOVAL**

    Defendant Local 340A, New York Joint Board, UNITE HERE, AFL-CIO ("Local 340A;" sued herein as "Local 340A United"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York, from the Supreme Court of the State of New York, County of New York, where the action is now pending, as provided by 28 U.S.C. § 1441 et seq., and states:

    1. The above-entitled action was commenced in the Supreme Court of New York, County of New York, by Complaint, and is now pending in that Court. The Summons and Complaint were received by mail by Local 340A on or about May 25, 2005. Copies of the Summons and Complaint are annexed hereto as Exhibit A.

    2. Local 340A is a labor organization as that term is defined by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

    3. Plaintiff is a member of Local 340A.

4. Plaintiff alleges that he has "complained to Union representative [sic] regarding being harassed by management and employees and no action was taken by the Union . . ." Complaint ¶ 3. Plaintiff's Complaint does not state under which statute it is brought.

5. Any claims regarding a union's employment-related representation of a member are governed by Federal law requiring unions to uphold a "duty of fair representation," pursuant to Sections 8 and 9 of the NLRA, 29 U.S.C. §§ 158 and 159.

6. The facts alleged on the face of plaintiff's Complaint therefore establish this Court's Federal question jurisdiction pursuant to the NLRA, 29 U.S.C. § 151 et seq., and 28 U.S.C. §§ 1331 and 1337(a).

7. The cause of action in this case is within the original jurisdiction of this Court, and this suit is founded on a claim of right arising under the laws of the United States.

8. Annexed to this Notice as Exhibit A are copies of all process, pleadings, and orders received by defendant in this action.

9. Local 340A will give written notice of the filing of this Notice as required under 28 U.S.C. § 1446(d).

10. A copy of this Notice will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required under 28 U.S.C. § 1446(d).

WHEREFORE, defendant requests that this action proceed in this Court as an action properly removed to it.

Dated:     New York, New York
            June 3, 2005

                                KENNEDY, SCHWARTZ & CURE, P.C.

                                By: _____
                                   Stuart Lichten (SL-1258)
                              Attorneys for Defendant
                              113 University Place - 7th Floor
                              New York, New York 10003
                              (212) 358-1500

# EXHIBIT A

[Print in **black** ink to fill in the spaces next to the instructions. Both pages **must** be completed. This summons **cannot** be used for divorce actions.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X        SUMMONS WITH NOTICE

_Steve Persaud_ ,                                 Index No.
[Your name(s)]          Plaintiff(s)
              -against-                           _054016681/5/20/05_

_Local 340 A United_ ,                            Date Index No. purchased
[Name(s) of party being sued] Defendant(s)        _MAY 20_, 200_5_
----------------------------------------X

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the plaintiff(s) at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: _MAY 20_, 200_5_                    _Steve Persaud_
       [Date of summons]                   [Sign your name(s)]

                                           _Steve Persaud_
                                           [Print your name(s)]

NEW YORK
COUNTY CLERK'S OFFICE                      _2529- 90 Street East_
                                           _Elmhurst, New York 11369_
MAY 24 2005                                _718-507-5019_
                                           [Your address(es) and telephone no.(s)]
NOT COMPARED
WITH COPY FILED

Defendant(s) _31-35 W 15Th Street, New York, NY 10011_
             [Address(es) of party being sued]

INDEX No 054011668

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------
                              Plaintiff(s)            COMPLAINT
Steve Persaud
           - against-                                 NEW YORK
                                                      COUNTY CLERK'S OFFICE

Local 340 A United          Defendant                 MAY 24 2005
-------------------------------------------------
                                                      NOT COMPARED
                                                      WITH COPY FILED

TO THE SUPREME COURT OF THE UNITED STATES OF NEW YORK

The complaint of the plaintiff, Steve Persaud, respectfully shows and alleges as follows:

1. The plaintiff herein, Steve Persaud, is a resident of the state of New York. Mr. Persaud resides at 2529 90th Street, East Elmhurst, New York, 11369.

2. The defendant herein, Local 340 A United, has a principal place of business at 31-35 West 15th Street, New York, NY 10011 the is engaged in the business Union Representation.

3. I have complained to Union representative regarding being harassed by management and employees and no action was taken by the Union to refrain from this matter.

4. On June 3, 2002 I filed a grievance complaint with the Union concerning termination of my employment with Central Locks Security System, New York. I made several contacts to them regarding this matter and they have not responded to my letters or telephone messages.

5. On October 3, 2002 I have contacted the National Labor Board and charges was filed against Local 340 A Union Representative Pedro Galaza, On December 10, 2002 I received a telephone call from Pedro Galaza, that there will be an arbitration hearing on December 11, 2002 at 3:30 pm.

6. At present of the hearing with my witness, there was an Attorney at Law, Retu Singla, indicated to me that she will be representing me on behalf of the Union, however, she further mentioned that there is some technical problem, henceforth, Mr. Maher came in and said that he is the arbitrator of the matter and said that your have two options, either the case can be throw out or take what he decided to do, he left and the Attorney Retu Singla advise me to leave and further stated that she will be in touch with me.

7. On December 19, 2003 I received a telephone call from the Attorney Retu Singla, we met and she presented a document to me called General Release, which I refused to sign.

8. I made several contacts by telephone to investigate the matter, and was informed that the Attorney Retu Singla is no longer working with the Law firm of Kennedy, Schwartz & Cure, PC., New York.

9. I have written to the Attorney on February 10, 2002 regarding my

matter and subsequently received and telephone call from Ira Cure, who mentioned that there will be an arbitration hearing on April 12, 2003 which was supposed to be held at 113 University Place, New York. I was at the location and there was no existence of any arbitration. I received a copy of petition "TO STAY OF ARBITRATION" on June of 2003 from the Attorney Kennedy, Schwartz & Cure, PC. New York.

10. On June 16, 2003 I went to the offices of Kennedy, Schwartz & Cure, PC., New York, Attorney at Law, Ira Cure, who presented an affidavit for my signature, I therefore, . ~ ~ to sign it, as it does not reflect what occurred at the arbitration on December 11, 2002. I subsequently prepared my own affidavit and certified mailed to him on June 2003.

11. I have made several contacts with the Union, Local 340 A, United regarding this matter and have receive any response.

12. WHEREFORE, plaintiff demands judgment against the defendant in the sum of $250,000.00 plus interest from May 30, 2002 cost and disbursement, together with any other relief this court finds to be just and proper.

Dated:   May 16, 2005

*Steve Persaud* (signature)

Steve Persaud
2529 90th Street
East Elmhurst, New York 11369
(718) 507-5019

VERIFICATION

__STEVE PERSAUD__, being duly sworn, deposes and says: I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
[Sign your name before a Notary]

__STEVE PERSAUD__
[Print your name]

Sworn to before me this
___ day MAY 2 4 2005, 200_

_____
Notary Public

CAROLYN V JONES
Notary Public, State of New York
No. 04JO5022377
Qualified in New York County
Commission Expires _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STEVE PERSAUD,

                Plaintiff,                05 Civ.

    -against-

LOCAL 340A UNITED,                  **NOTICE OF FILING OF**
                                                        **NOTICE OF REMOVAL**

                Defendant.
-------------------------------------------------------------x

TO:    STEVE PERSAUD
        2529 90th Street
        East Elmhurst, New York 11369

PLEASE TAKE NOTICE that the above-named defendant on June 3, 2005, filed in the United States District Court for the Southern District of New York, a Notice of Removal of the above-entitled case from the Supreme Court of the State of New York, County of New York, a copy of which is attached to this Notice, thus effecting removal of the above-entitled case to the District Court in accordance with 28 U.S.C. § 1446(d).

Dated:    New York, New York
            June 3, 2005

                                                KENNEDY, SCHWARTZ & CURE, P.C.

                                                By: _____
                                                    Stuart Lichten, Esq. (SL-1258)
                                                Attorneys for Defendant
                                               113 University Place - 7th Floor
                                               New York, New York 10003
                                               (212) 358-1500